134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Antonio Pirina ARGUETA, Defendant-Appellant.
 No. 97-10220.
 United States Court of Appeals, Ninth Circuit.
 Jan. 15, 1998.**
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 WALKER, District Judge.
 
 
 3
 Antonio Pirina Argueta appeals his conviction and 10-month sentence imposed following the entry of a conditional guilty plea to being an illegal alien in possession of ammunition in violation of 18 U.S.C. § 922(g)(5). Argueta contends that the district court erred by denying his motion to suppress the weapon discovered in his jacket pocket pursuant to a Terry[1] frisk because the officer conducting the frisk lacked reasonable suspicion to believe that Argueta was armed and presently dangerous.[2] We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of a motion to suppress de novo, see United States v. Kemmish, 120 F.3d 937, 939 (9th Cir.1997), and affirm.
 
 
 4
 "[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, ... he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." Terry, 392 U.S. at 30. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id. at 27.
 
 
 5
 We conclude from our independent review of the record that the facts articulated by the officer conducting the frisk reasonably led him to believe that Argueta was armed and presently dangerous: See Terry, 392 U.S. at 30; see also United States v. Thomas, 863 F.2d 622, 629 (9th Cir.1988) (citation omitted) (recognizing that "[t]he physical appearance of a suspect may be significant if it contributes to the officer's reasonable belief that the suspect is armed, for example if the officer sees a suspicious bulge on the suspect's body or the clothes worn by the suspect could easily hide a weapon"); United States v. Wilson, 7 F.3d 828, 834 (9th Cir.1993) (noting that a suspect's clothing, nervousness, and "apparent possession of a heavy or bulky object on one side of his jacket" are specific facts contributing to a reasonable suspicion that the suspect is armed and presently dangerous)
 
 
 6
 Argueta also contends that the officer never actually feared for his safety because he formed the intent to frisk Argueta at the outset of the encounter. We disagree, The officer did not frisk Argueta until he had observed unusual conduct which led him to reasonably conclude in light of his experience that Argueta might be armed and presently dangerous. See Terry, 392 U.S. at 30
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Terry v. Ohio, 392 U.S. 1, 24 (1968)
 
 
 [2]
 Argueta concedes that the officer was justified in conducting the initial investigatory stop